UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES WALKER,

                  Petitioner,

-against-

CATHERINE A. COOK,

                  Respondent.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CV-3403 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner pro se James Walker ("Walker") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2005 conviction of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminal use of drug paraphernalia in the second degree. (Pet. (Docket Entry # 1).) For the reasons set forth below, Walker's petition is denied.

**I.    STANDARD OF REVIEW**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Determination of factual issues made by a state court "shall be presumed to be correct," and the applicant "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. § 2254(e)(1).

An "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a

1

federal claim." Sellan v. Kuhlman, 261 F.3d 303, 313 (2d Cir. 2001). A decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A decision is "an unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Id. at 413. For relief to be warranted, the "state court's application of governing federal law . . . must be shown to be not only erroneous, but objectively unreasonable." Waddington v. Sarausad, 129 S. Ct. 823, 831 (2009) (internal quotation marks omitted).

A pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). "If a pro se litigant pleads facts that would entitle him to relief, that petition should not be dismissed because the litigant did not correctly identify the statute or rule of law that provides the relief he seeks." Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008).

## II. BACKGROUND

On January 12, 2002, Walker was arrested and charged after the police responded to his girlfriend's 911 call and recovered bags of cocaine and other drug paraphernalia in Walker's possession. (Tarr Decl. (Docket Entry # 16) Ex. A at ¶ 3.) Walker notified the People that he wished to appear before the grand jury, and the People served him written notice that he could testify on January 17, 2002, pursuant to New York Criminal Procedure Law § 190.50. (Id. ¶ 5.) On January 17, 2002, Walker's counsel informed the assistant district attorney that Walker did

not wish to testify before the grand jury. (Id. ¶ 6.) On that same day, the grand jury indicted Walker for criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminal use of drug paraphernalia in the second degree. (Id.) On May 28, 2002, Walker orally moved to dismiss the indictment on the ground that he was denied the right to testify before the grand jury, but the trial court denied the motion as untimely. (Id. ¶ 12.) Walker was appointed new counsel (id. ¶ 12), who filed an omnibus petition to dismiss the indictment on fifteen separate grounds. (Id. ¶ 16.) Walker's counsel did not, however, raise the claim that Walker was denied an opportunity to appear before a grand jury. (Id.) Walker then filed a pro se motion seeking dismissal of the indictment on that ground. (Id. ¶ 17.) The court denied most of the omnibus petition, but did not specifically address Walker's pro se motion to dismiss. (Id. ¶19.)

Walker then applied to the New York Supreme Court, Appellate Division, Second Department, for a writ of prohibition pursuant to Article 78 of New York Civil Practice Law and Rules, claiming that the indictment against him was jurisdictionally defective because he was denied the right to appear before the grand jury. (Tarr Decl. Ex. B at ¶ 2.) On February 10, 2003, the Second Department determined that Walker failed to demonstrate a clear legal right to the relief sought and denied his application. (Tarr Decl. Ex. C at 1-2.) On March 22, 2005, a jury convicted Walker on all counts. Trial Tr. at 943-46, People v. Walker, Ind. No 177/02 (N.Y. Sup. Ct., Queens Cnty. Oct. 5, 2002). Walker directly appealed his conviction to the New York Supreme Court, Appellate Division, Second Department. (Tarr Decl. Ex. D at ¶ 5.) On July 29, 2008, the Second Department denied Walker's appeal. People v. Walker, 53 A.D.3d 672 (2d Dep't. 2008). On August 22, 2008, Walker filed for leave to appeal the Second Department's ruling to the New York Court of Appeals. (Tarr Decl. Ex. H at 1.) On November

4, 2008, the Court of Appeals denied Walker's request for leave to appeal. People v. Walker, 11 N.Y.3d 858 (2008). On July 27, 2009, Walker filed the instant petition for a writ of habeas corpus. (Pet. at 1.)

## III. DISCUSSION

Walker's petition states in full: "The People of the State of New York has failed to state a claim upon which relief can be granted: lack of personam jurisdiction, lack of subject matter jurisdiction." (Pet. at 4.) Construing Walker's petition liberally, the court concludes his claim asserts that the state trial court lacked subject matter jurisdiction under New York State law (see N.Y.C.P.L. § 20.40), and also lacked personal jurisdiction over him under New York State law. See N.Y.C.P.L § 190.50.

### A. Subject Matter Jurisdiction Claim

AEDPA permits prisoners in custody following a conviction in state court to petition for federal habeas relief only if their imprisonment is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). The Second Circuit has determined that habeas claims based on the subject matter jurisdiction of a state court under state law fail to raise any federal constitutional issues, and therefore are impermissible on federal habeas review. See United States ex rel. Roche v. Scully, 739 F.2d 739, 741-42 (2d Cir. 1984) (habeas petitioner claiming lack of subject matter jurisdiction over indictment for drug possession failed to raise issue of federal law); see also Hicks v. Lacy, No. 99 Civ. 4523(DLC), 2003 WL 22510323, at *3 (S.D.N.Y. Nov. 4, 2003) (habeas claim based on law allocating jurisdiction in the state court system does not present a federal constitutional issue). As Walker's

subject matter jurisdiction claim does not raise a constitutional issue, his claim is not cognizable on federal habeas review.

### B. Personal Jurisdiction Claim

Walker additionally asserts that the state of New York failed to state a claim upon which relief may be granted because the state lacked personal jurisdiction over him. (Pet. at 4.) Construing Walker's petition liberally, the court concludes his instant petition asserts the same personal jurisdiction argument raised in his Article 78 application, which claimed the trial court lacked jurisdiction because Walker was denied the right to testify before a grand jury, pursuant to New York Criminal Procedure Law § 190.50. (Tarr Decl. Ex. B at ¶ 2.) There is no federal constitutional right to a grand jury. See Fields v. Soloff, 920 F.2d 1114, 1118 (2d Cir. 1990). Therefore, the Second Circuit has determined that "claims of deficiencies in state grand jury proceedings are not cognizable in a habeas corpus proceeding in federal court." Davis v. Mantello, 42 F.App'x. 488, 490 (2d Cir. 2002) (citing Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989)); see also Martinez v. Artus, No. 06-CV-5401(ERK), 2010 WL 1692454, at *6 (E.D.N.Y. Apr. 26, 2010) (concluding that federal district courts have uniformly held that claims arising under New York Criminal Procedure Law § 190.50 are not cognizable for habeas review); William v. Greiner, No. 02-CV-1116(JBW), 2003 WL 23198759, at *14 (E.D.N.Y. Nov. 26, 2003) (concluding that a petitioner's claim that he was deprived the right to testify before a grand jury does not present a federal question). As Walker's personal jurisdiction claim does not raise a federal constitutional issue, his claim is not cognizable on habeas review.

### IV. CONCLUSION

Walker's petition for a writ of habeas corpus is DENIED. A certificate of appealability will not issue because Walker has not made a substantial showing of the denial of a

5

constitutional right. See 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
July 8, 2011

NICHOLAS G. GARAUFIS
United States District Judge